**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**TIMOTHY BROWN**                                                                                    **PLAINTIFF**

**V.                              CASE NO. 3:15CV00002-BD**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                    DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy Brown appeals the final decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Papesh v. Colvin*, 786 F.3d 1126 (8th Cir. 2015); see also 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

On December 8, 2011, Mr. Brown protectively filed for disability insurance benefits due to chronic obstructive pulmonary disease ("COPD"), bilateral hearing loss,

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #4)

diabetes, and back pain. (SSA record at 178) Mr. Brown's claims were denied initially and upon reconsideration. At Mr. Brown's request, an Administrative Law Judge ("ALJ") held a hearing on August 23, 2013, where Mr. Brown appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Brown and a vocational expert ("VE"). (*Id*. at 44-91)

The ALJ issued a decision on January 10, 2014, finding that Mr. Brown was not disabled under the Act. (*Id*. at 29-39) On December 22, 2014, the Appeals Council denied Mr. Brown's request for review, making the ALJ's decision the Commissioner's final decision. (*Id*. at 1-4)

Mr. Brown, who was fifty-five years old at the time of the hearing, had a high school education, and past relevant work experience as a outside sales rep, hardware salesperson, and inside sales agent. (*Id*. at 48, 77)

The ALJ followed the familiar five-step evaluation process in determining that Mr. Brown was not disabled.[2] He found that Mr. Brown had not engaged in substantial gainful activity since his alleged onset date of November 17, 2011, and had the following severe impairments: hearing loss, diabetes, and asthma. (*Id*. at 31) The ALJ also found

---

[2] Was the claimant engaged in substantial gainful activity? If not, did she have a severe impairment? If so, did the impairment (or combination of impairments) meet or equal a listed impairment? If not, did the impairment (or combination of impairments) prevent the claimant from performing her past relevant work? If so, did the impairment (or combination of impairments) prevent the claimant from performing any other jobs available in significant numbers in the national economy? 20 C.F.R. § 404.1520(a)-(g).

that Mr. Brown did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3]  (*Id*. at 32)

According to the ALJ, Mr. Brown had the residual functional capacity ("RFC") to perform medium work that does not involve excessive exposure to dust, smoke, fumes, and other pulmonary irritants.  He was limited to face-to-face communication regarding verbal skills, but had no limitations with writing, emailing, or texting. (*Id*. at 15)  The VE testified that an individual with those limitations could perform Mr. Brown's past job as an inside sales agent and could work as hand packager and dishwasher.  (*Id*. at 78-79)  Accordingly, the ALJ determined that Mr. Brown could perform a significant number of other jobs existing in the national economy and was not disabled.

**Mr. Brown's Arguments for Reversal**

Mr. Brown argues that the Commissioner's decision should be reversed because the ALJ failed to properly consider his: (1) hearing loss; and (2) chronic diarrhea.  Docket entry #13.

**Hearing Loss**

Mr. Brown argues that the ALJ failed to consider the severity of his hearing loss.  Specifically, he argues that the ALJ erroneously failed to discuss listing 2.10.  In support of his contention that he met listing 2.10, Mr. Brown relies on a January 2012 audiogram that "appears to meet part A, but the testing was of questionable reliability." (*Id.*)  Mr. Brown admits that an April 2012 audiogram does not meet the listing criteria.  He notes,

---

[3]20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

however, that the reliability was "fair to poor" and argues that "at the very least [the ALJ] should have considered listing 2.10, made a finding as to whether Brown meets that listing, and explained the reasons for that finding." (*Id.*)

It would have been helpful had the ALJ specifically discussed the listing, but the lack of discussion is harmless because, based on the record as whole, there was substantial evidence to support the ALJ's determination. First, as noted, the April 2012 audiogram did not meet listing 2.10. Second, the ALJ discussed all of the medical records dealing with the hearing loss, and noted only minimal treatment since April 2012. Third, after the January 2012 exam, the doctor "recommended that the patient undergo a trial period with amplification." (*Id*. at 257) Mr. Brown testified at the hearing that he had not used his hearing aids in over a year because he did not think they helped. (*Id*. at 66) "A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility." *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005). Additionally, there is nothing in the record to indicate that Mr. Brown attempted obtain different hearing aids or alternative forms of amplification. Fourth, the ALJ observed Mr. Brown's ability to hear and respond during the hearing. Based on these observations and Mr. Brown's statements that he tried to read lips and was better with face-to-face communication, the ALJ placed a face-to-face verbal communication limitation in the RFC.

While Mr. Brown might have difficulty with his hearing, there is nothing in the record to support the proposition that his hearing loss prevented him from working.

*Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996) ("While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability.").

**Chronic Diarrhea**

Mr. Brown asserts that the ALJ erred by not considering his chronic diarrhea severe and by not accounting for it in the RFC. This claim is without merit.

To support his opinion, the ALJ pointed out that Mr. Brown complained of diarrhea to his primary care doctor only once – in October 2013. This was two months after the hearing. Whether a claimant seeks regular medical treatment may be considered by the ALJ when weighing the credibility of a claimant's claims regarding the severity of his impairments. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003)

Additionally, although Mr. Brown mentioned chronic diarrhea at the hearing, he did not list it on his list of impairments when filing for benefits. The fact that a claimant does not allege an impairment in his application for benefits is "significant" and can be considered when weighing the credibility of the claim. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

Finally, the records reflect minimal complaints to treating physicians regarding the issues with diarrhea. Although Mr. Brown mentioned it at a visit or two, generally there is no notation that diarrhea was causing an issue or that it was significant enough to require Mr. Brown to request a medication change. The ALJ specifically addressed these

issues at the hearing, but little explanation was offered for the absence of diarrhea issues in the medical records. (Tr. 53-55) The ALJ also noted that Mr. Brown was advised to follow up with a gastroenterologist, but there is no evidence he did. (Tr. 36) The ALJ properly concluded that Mr. Brown's alleged chronic diarrhea was not disabling.

**Conclusion**

There is substantial evidence to support the Commissioner's decision that Timothy Brown was not disabled within the meaning of the Social Security Act during the relevant time period. Therefore, the decision of the Commissioner must be, and hereby is, affirmed. The case is dismissed, with prejudice, and the oral argument hearing scheduled for November 12, 2015, is canceled.

IT IS SO ORDERED, this 20th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE